Brian K. Murphy (admitted *pro hac vice*)
Jonathan P. Misny (admitted *pro hac vice*)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
misny@mmmb.com

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| MARK FITZHENRY, on behalf of himself and others similarly situated, | Case No. 2:21-cv-00501-DAK-CMR |
| Plaintiffs, | District Judge Dale A. Kimball |
| v. | Magistrate Judge Cecilia M. Romero |
| VIVINT, INC., et al., | |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT UPON DEFENDANT RS&I, INC.**

Plaintiff attempted in good faith and with reasonable diligence to serve RS&I, Inc. ("RS&I") with the Amended Complaint in this matter within the time for service set forth in Rule 4(m). RS&I's Opposition to Plaintiff's Motion for a brief extension of the time for service elevates form over substance and is ultimately a waste of judicial resources. RS&I has not attempted to demonstrate that it would experience any sort of prejudice from extending the time for service. And even if the Court were to agree with RS&I and deny Plaintiff's Motion,

Plaintiff could simply re-file his claims against RS&I because any dismissal of RS&I would be without prejudice. Indeed, RS&I even suggests this as a reasonable course to proceed, but it is highly inefficient. RS&I has notice of the lawsuit, has hired counsel, and has appeared. The Court should allow RS&I to be formally served so that RS&I can proceed to respond to the Amended Complaint.

RS&I challenges Plaintiff's diligence in attempting to serve RS&I, but Plaintiff was diligent. In the District of South Carolina, Plaintiff's local counsel filed a request for the issuance of the Summons on July 21, 2021. (Doc. 29.) The District of South Carolina, however, did not issue the summons. As Plaintiff's counsel noted at the hearing on August 19, 2021, Plaintiff's counsel could have done more to inquire as to why the Court hadn't issued the summons yet despite their request, but that does not mean that it was not also reasonable to give the Court additional time to issue the summons before bothering the Court with such inquiries.

The District of South Carolina ordered that the case be transferred to this Court the next day on August 20, 2021, meaning any further efforts to follow up with the District of South Carolina about issuing the summons would have been misplaced. Plaintiff continued to be diligent after the case was transferred to this Court. Plaintiff was notified that this case was opened in the District of Utah on August 23, 2021. The following morning, Plaintiff's counsel in Ohio emailed completed Applications, Motions, and Orders for pro hac vice admission to local counsel, Jared Pearson (who is also serving as local counsel in the other case pending against Vivint in this District) and asked for his assistance in filing the documents. (Declaration of Jonathan P. Misny ¶ 2, attached hereto as Exhibit 1.) Plaintiff's Ohio counsel made repeated attempts to follow up with Mr. Pearson over the course of the weeks that followed, including five

inquiries as to the status of the filings. (*Id.* ¶ 3.) Ultimately, Mr. Pearson reported that he believed the materials had already been filed, but upon realizing that was not the case, he finally filed the materials on October 14, 2021. (*Id.* ¶ 4.)

As such, Plaintiff's counsel were not simply sitting on their hands. The delay in South Carolina along with the delay in Plaintiffs' Ohio counsel being unable to get pro hac vice materials on file caused the time for service in Rule 4(m) to lapse before Plaintiff could effect service.

RS&I cites two cases that it argues are analogous to this case, but neither of those cases are similar to the circumstances here. In *Hansan v. Fairfax Cty. Pub. School Bd.*, No. 1:09cv558(GBL), 2010 U.S. Dist. LEXIS 42937 (E.D. Va. Apr. 30, 2010), the plaintiff took over *seven months* after the case was transferred to serve the defendant, whereas here Plaintiff's counsel acted immediately to get admitted in this Court and repeatedly followed up over the course of the next month when they did not see any indication that their pro hac vice materials had been filed. This case is also unlike *Bolus v. Fleetwood RV, Inc.*, 308 F.R.D. 152 (M.D.N.C. 2015), because in that case, unlike here, the plaintiff made no new efforts to serve process after the case was transferred.

Finally, RS&I suggests that it is not subject to this Court's jurisdiction, but that argument should be addressed in the context of a formal motion to dismiss, not as an afterthought in response to a motion for an extension of time. In any event, RS&I has a sufficient connection to Utah to be subject to jurisdiction here because it chose to enter into an agency relationship with Vivint, a Utah corporation, to become a "Vivint Authorized Dealer" subject to Vivint's

continuing control and that relationship is the source of Plaintiff's injury.  (*See* Doc. 18 ¶¶ 43-66.)

Respectfully submitted,

**/s/ Brian K. Murphy**
Brian K. Murphy (admitted *pro hac vice*)
Jonathan P. Misny (admitted *pro hac vice*)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
　　　　misny@mmmb.com

Jared B. Pearson (Utah Bar No. 12200)
Pearson Law Firm, PLLC
9192 South 300 West, Suite 35
Sandy, UT 84070
Telephone: 801.888.0991
E-mail: jared@pearsonlawfirm.org

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2021, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will automatically provide notice to all counsel of record by electronic means.

**/s/ Brian K. Murphy**
Brian K. Murphy