Melanie J. Vartabedian (#10148)
Nathan R. Marigoni (#14885)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
vartabedianm@ballardspahr.com
marigonin@ballardspahr.com

*Attorneys for Defendant, Vivint, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MARK FITZHENRY, individually and on behalf of a class of all persons and entities similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**VIVINT, INC., RS&I, Inc., and JOHN DOE CORPORATION**<br><br>**Defendants.** | **MOTION TO STRIKE CLASS ALLEGATIONS**<br><br><br>**Case No.:  2:21-cv-00501-DAK-CMR**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Cecilia M. Romero** |

Defendant Vivint, Inc. ("Vivint") hereby moves the Court to strike Plaintiff's class

allegations because Plaintiff has failed to timely move for class certification and, therefore,

cannot maintain a class action in this matter.

## PROCEDURAL HISTORY

1.      Plaintiff filed his initial complaint in this matter in the District of South Carolina on March 19, 2021, against Vivint and DSI Distributing, Inc. ("DSI"). (ECF No. 1.)

2.      On June 24, 2021, Plaintiff filed a First Amended Complaint removing DSI and addint RS&I, Inc. ("RS&I") as a defendant.  (ECF No. 18.)

3.      On July 7, 2021, Vivint filed a motion to dismiss the First Amended Complaint or to stay or transfer the case under the first-to-file doctrine based on the pending litigation brought in this district by Plantiff's counsel, *Perrong, et al v. Vivint, Inc., et al*, No. 2:19-cv-0056. (ECF No. 23.)

4.      On August 20, 2021, the District of South Carolina district court ordered the case transferred to the District of Utah. (ECF No. 32.)

5.      On August 23, 2021, this Court noted its receipt of the transfer order and docket sheet, and mailed notice and requirements for pro hac vice appearances to Plaintiff's counsel. (ECF No. 33-37.)

6.      Vivint's counsel filed appearances in this matter on August 26, 2021, and filed an answer, pursuant to Court order, on September 30, 2021.  (ECF No. 38-39, 46.)

7.      Counsel for Plaintiff did not appear and seek admission until October 14, 2021. (ECF No. 47, 48.)

8.      Plaintiff did not serve any class discovery on Vivint until October 20, 2021. (Certificate of Service for Plaintiff's First Set of Discovery to Vivint, Inc. attached hereto as Exhibit A.)  Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Vivint's

responses to that discovery were due November 19, 2021, three days before the class

certification deadline.

9.      Vivint timely responded to that discovery on November 19, 2021.  (Certificate of

Service for Vivint's Responses to Plaintiff's First Set of Discovery, attached hereto as Exhibit

B.)

10.     Plaintiff did not serve RS&I within the time required by Rule 4 of the Federal

Rules of Civil Procedure, and has not obtained a summons from the Court to do so.  Plaintiff's

motion to extend the time to serve RS&I—filed after the time to do so had expired—is opposed

by RS&I, and remains pending before the Court.  (ECF Nos. 53, 55, 56.)

11.     Plaintiff did not move to certify a class within 90 days of the date this case was

transferred to the district of Utah, i.e., by November 22, 2021.

12.     The scheduling order entered in this matter did not bifurcate class discovery or set

a different date for class certification than that imposed by DUCivR 23-1.

## ARGUMENT

Plaintiff's class allegations should be stricken from the First Amended Complaint

because Plaintiff failed to timely move for class certification in compliance with the Federal

Rules of Civil Procedure and this Court's local rules.  Fed. R. Civ. P. 23(c)(1)(A) provides that

the Court must, "[a]t an early practicable time after a person sues or is sued as a class

representative," determine whether the action can be maintained as a class action.  Under the

District of Utah's local rules applicable at all relevant times to this action, "the proponent of a

class must file a motion for certification that the action is maintainable as a class action within 90

days after service of a pleading purporting to commence a class action."  DUCivR 23-1 (Eff.

Dec. 1, 2020.)  Where, as here, a case is transferred to this court, "the motion must be filed

within 90 days of the removal or transfer." *Id.*  Thus, at the latest, Plaintiff's motion for class

certification was due November 22, 2021—90 days after this Court notified the parties of its

receipt of the transfer order.[1]

Nevertheless, Plaintiff failed to move for class certification by this deadline or to move

this Court to extend the deadline.  Accordingly, Plaintiff's attempt to certify a class in this case

should be rejected and his class allegations stricken.  No impediment existed to Plaintiff seeking

class certification that was not self-inflicted as a result of his own lack of diligence.  Although

Plaintiff waited until the last possible day to serve discovery to allow him to receive Vivint's

responses prior to the expiration of the class certification deadline, Vivint ensured it timely

responded to those requests so as not to interfere with Plaintiff's ability to seek class

certification.  (Compare Ex. A, with Ex. B.)  Moreover, Plaintiff has failed to even serve all

defendants against which he seeks to assert a class, and has failed to demonstrate good cause for

such failure which would persuade this Court to extend the deadline for it to do so.  (ECF No. 54,

55, 56.)

Vivint expects that Plaintiff will request this Court extend the time for him to seek class

certification.  However, Plaintiff cannot demonstrate either good cause or the excusable neglect

necessary to extend this deadline after it has already expired.  "Under Federal Rule of Civil

Procedure 6(b), the court may, for good cause, extend a time frame 'on motion made after the

---

[1] This Court amended its local rules, effective December 1, 2021, to require the parties to agree to a class certification deadline rather than imposing a 90 day deadline in all cases. However, Plaintiff's deadline to seek class certification expired on November 22, 2021, prior to the effective date of this change, and was therefore governed by the prior rule.

time has expired if the party failed to act because of excusable neglect.'" Fed. R. Civ. P.

6(b)(1)(B).  *Holmes v. Crown Asset Mgmt., LLC*, No. 2:19-cv-00758-HCN-DAO, 2020 U.S.

Dist. LEXIS 152247, at *10 (D. Utah Aug. 20, 2020).  "Good cause requires a greater showing

than excusable neglect.  It requires the movants to show the deadline cannot be met despite their

'diligent efforts.'" *Id*. (citing *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir.

2017)) (internal citation omitted).  "A finding of excusable neglect 'requires both a

demonstration of good faith by [movant] and it must also appear that there was a reasonable

basis for not complying with the specified period.'"  *Id*.

In *Kevari v. Scottrade, Inc*., the court exercised its discretion to strike class allegations on

similar facts to those here.  *See Kevari*, No. CV-18-819, 2018 U.S. Dist. LEXIS 227343, at * 32

(C.D. Cal. Aug. 31, 2018).  Local Rule 23-3 in the Central District of California is similar to this

Court's local rule; it also requires a party to file a motion for class certification within 90 days

after service of a complaint.  *Id*.  After noting the court has discretion to strike class allegations,

the court held plaintiff's excuse of needing to conduct discovery before it could file for class

certification did not constitute excusable neglect because "plaintiff failed to file an application

seeking a continuance of the Local Rule 23-3 deadline, despite the fact the court granted

continuances of other deadlines when sought by the parties," and plaintiff did not serve

discovery until after the deadline had passed.  *Id*.  Therefore, the Court found the deadline was

missed due to "Plaintiff's own carelessness and neglect."  *Id*. at * 33 (citing *Watson v.

Schwarzenegger*, 347 Fed. Appx. 282, 2009 U.S. App. LEXIS 13498, at *1 (9th Cir. 2009))

(affirming denial of relief from Local Rule 23-3 because delay in filing class certification motion

based on plaintiff's unfamiliarity with the local rules did not constitute "excuseable neglect.")

Here, Plaintiff cannot establish good cause or excusable neglect because the only reason for Plaintiff's failure to timely seek class certification is his own lack of diligence.  This matter has been pending since March of 2021.  After the case was transferred to this Court on August 20, 2021, no counsel appeared for Plaintiff until October 14, 2021.  Plaintiff took no action to advance this case until October 20, 2021, nearly two months after the case was transferred to this Court, when Plaintiff finally sought an untimely extension of his deadline to serve co-defendant RS&I and served discovery of Vivint.  Plaintiff's failure to timely serve RS&I further highlights his lack of diligence in this case.  As RS&I noted in its opposition to his motion to extend the time for service, Plaintiff's counsel Jonathan Misny conceded to the South Carolina District Court in August of 2021 that Plaintiff "could have done more" to serve RS&I prior to the transfer.  (ECF No. 55 at 3.)  And Plaintiff has offered no explanation for delaying service or seeking an extension of the time to serve RS&I other than blaming his Utah counsel for the delay.  (ECF No. 56 at 2-3.)  To the extent Plaintiff asserts that his failure to timely serve RS&I provides good cause for his failure to timely seek class certification, Vivint hereby incorporates the arguments set forth in RS&I's opposition as to Plaintiff's lack of good cause for that failure.

Therefore, as in *Kevari* and *Watson* the Court should exercise its discretion to strike the class allegations because failure to timely serve discovery, failure to serve a defendant with the complaint, and lack of knowledge of the local rules are not adequate excuses for the failure to timely move for class certification, but rather evidence plaintiff's own carelessness and neglect.

## CONCLUSION

For the foregoing reasons, this Court should order that Plaintiff is precluded from seeking

class certification in this matter and strike the class allegations from Plaintiff's First Amended

Complaint.

DATED this 6th day of December, 2021.


/s/ Melanie J. Vartabedian
Melanie J. Vartabedian, Esq.
Nathan R. Marigoni, Esq.
BALLARD SPAHR LLP
*Attorneys for Defendant, Vivint, Inc.*