Melanie J. Vartabedian (#10148)
Nathan R. Marigoni (#14885)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
vartabedianm@ballardspahr.com
marigonin@ballardspahr.com

*Attorneys for Defendant, Vivint, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MARK FITZHENRY, individually and on behalf of a class of all persons and entities similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**VIVINT, INC., RS&I, Inc., and JOHN DOE CORPORATION**<br><br>Defendants. | **VIVINT, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>**Case No.: 2:21-cv-00501-DAK-CMR**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Cecilia M. Romero** |

Defendant Vivint, Inc. ("Vivint") hereby submits this reply in support of its Motion to Strike Class Allegations ("Motion to Strike") (ECF No. 57) and in response to Plaintiff Mark Fitzhenry's opposition thereto (ECF No. 58.) For the reasons set forth herein and in the Motion to Strike, Plaintiff's class allegations should be stricken from the operative complaint in this matter.

**ARGUMENT**

Plaintiff's opposition is short on substance and devoid of any authority that could justify Plaintiff's position that he is not subject to any deadline for seeking class certification in this matter. Plaintiff cannot dispute that, at the time this case was transferred to the District of Utah on August 23, 2021 (ECF No. 33), local rule DUCivR 23-1 established a deadline for Plaintiff to seek class certification within 90 days of that date. *See* DUCivR 23-1 (effective through November 30, 2021). That deadline was November 22, 2021, and it came and went without Plaintiff seeking class certification or moving the Court to extend the time for Plaintiff to do so. Any motion for class certification by Plaintiff would now be untimely, and the Court can and should strike Plaintiff's class allegations on that basis.

Because Plaintiff cannot overcome the plain import of this Court's local rules and his failure to timely move for class certification, his opposition raises three arguments in an effort to avoid the consequences of his lack of diligence in prosecuting this matter. None of these arguments have merit, and Vivint will address each in turn.

**I.   THE AMENDMENT TO DUCIVR 23-1 DID NOT "ELIMINATE" PLAINTIFF'S CLASS-CERTIFICATION DEADLINE.**

Plaintiff first argues that Vivint's motion should be denied because he contends the December 1, 2021 amendment to DUCivR 23-1 "eliminated" his deadline to move for class certification within 90 days after transfer. Plaintiff's argument, however, grossly misstates the effect of the amendment to rule 23-1. Rather than eliminating the class-certification deadline, the amendment to DUCivR 23-1 instead modified only the manner in which the deadline is to be set, i.e., by the agreement of the parties during the attorney planning meeting for inclusion in the initial scheduling order. *See* DUCivR 23-1 (effective December 1, 2021). But nowhere in the

amended rule does it purport to retroactively alter class-certification deadlines in cases like this one, where the initial scheduling order was already set and Plaintiff's class-certification deadline had expired more than a week before to the amendment took effect.

Indeed, local rule 81-1 expressly provides that, where the application of an amended rule would not be "feasible or would work injustice," "the former rules govern." DUCivR 81-1(b). The parties submitted their initial scheduling order to the Court more than two months ago, and there is no question that, at that time, the rules of this Court required Plaintiff to seek class certification no later than November 22, 2021. Retroactively applying the December 1, 2021 amendment to excuse Plaintiff's failure to comply with the rules of this Court in effect at all times applicable to his class-certification obligations would work an injustice by relieving Plaintiff of the consequences of his lack of diligence and subjecting Vivint to the ongoing threat of class litigation despite Plaintiff's failure to diligently prosecute those claims.

Moreover, even if the amendment to DUCivR 23-1 did relieve Plaintiff of his failure to comply with the express 90-day deadline established by local rule, Plaintiff's lack of diligence does not excuse his failure to seek class certification "[a]t an early practicable time" pursuant to Fed. R. Civ. P. 23(c)(1)(A). A plaintiff cannot "seek class certification at their own leisure and when it is most convenient for them," but must do so "early" in the case. *Timothy v. Aqua Fin., Inc.*, No. 2:06-cv-00921-TS-PMW, 2007 U.S. Dist. LEXIS 89613, at *17 (D. Utah Dec. 5, 2007). Among other things, this rule requires the Plaintiff to "conduct the necessary discovery at the earliest possible time." *Id*. at *16. Here, Plaintiff waited for nearly two months after the case was transferred to enter an initial appearance (ECF Nos. 47, 48), move the Court to extend the then-expired deadline to serve co-defendant RS&I (ECF No. 53), and seek discovery from Vivint

(*See* ECF No. 57-1 at 3 (demonstrating service of Plaintiff's First Set of Discovery to Vivint, Inc. on October 20, 2021)). Six weeks have now passed since Vivint served its discovery responses on Plaintiff, and Plaintiff has done nothing in the interim to further his class claims. This case was filed nine months ago and has been pending in this district for more than four months. Yet Plaintiff has not even timely served all named defendants, let alone attempted to obtain the discovery he says he needs to seek class certification. Any delay in Plaintiff's ability to advance his putative class claim falls squarely on Plaintiff—not on Vivint. Due to Plaintiff's lack of diligence, the time for an "early" determination of Plaintiff's class claims is long past. Thus, in addition to his failure to comply with DUCivR 23-1, Plaintiff has failed to comply with Fed. R. Civ. P. 23(c)(1)(A), and his class allegations should be stricken for that reason.

## II.   THE COURT DID NOT "OTHERWISE ORDER" A DIFFERENT CLASS-CERTIFICATION DEADLINE.

Plaintiff next argues that the 90-day deadline in DUCivR 23-1 does not apply because "[t]he Court has otherwise ordered here." (ECF No. 58 at 2.) As the Court is well aware, it has not entered any order modifying the class-certification deadline. Instead, Plaintiff argues that, by entering a scheduling order on October 15, 2021, that set a fact discovery deadline of April 14, 2022, the Court must have *implicitly* intended to allow Plaintiff additional time to seek class certification. (*Id.*) Plaintiff's argument lacks merit. The operative version of DUCivR 23-1 gives a plaintiff 90 days to move for class certification after the date the class action complaint is served or transferred to this district, unless the Court orders otherwise. The rule 23-1 class certification deadline is not tied explicitly or implicitly to the fact discovery deadline. Indeed, as at least one Court in this district has recognized, Plaintiff has an affirmative obligation to timely seek evidence to support his putative class claims, and waiting until after the rule 23-1 class

certification deadline has expired to complete class discovery and move for class certification runs afoul of not just DUCivR 23-1 but Fed. R. Civ. P. 23(c)(1)(A) as well. *Timothy*, 2007 U.S. Dist. LEXIS 89613, at *17.

Plaintiff contends that it would be "unrealistic to expect Plaintiff to move for class certification only approximately 30 days after the case schedule was set in the first place and the next business day after Plaintiff received Vivint's [discovery responses]." (ECF No. 58 at 2.) Plaintiff's position mirrors an argument considered and rejected by the *Timothy* court—namely, that DUCivR 23-1 is *per se* preempted by Fed. R. Civ. P. 23(c)(1)(A) unless it would be "practicable" for Plaintiff to move for class certification within 90 days after service or transfer, and such a motion only becomes "practicable" once Plaintiff in fact has in its possession all of the evidence necessary to establish the grounds for a class action. *Id.* at *13. In addition, Plaintiff's argument glosses over the fact that it is his own lack of diligence—not the acts or omissions of any other party—that has resulted in what he perceives to be an inequitable application of rule 23-1. Plaintiff's counsel waited until the last possible day, October 14, to enter appearances and to contact Vivint's counsel for the first time to propose a schedule to Vivint in the form of a draft Rule 26(f) report. (Declaration of M. Vartabedian, attached hereto as Exhibit A, ¶¶ 8,9.) The scheduling order was promptly entered by this Court on October 15. (ECF No. 52.) Yet Plaintiff chose not to serve discovery on Vivint until October 20. Notwithstanding Plaintiff's repeated delays in prosecuting his case, Vivint served full and timely responses to Plaintiff's discovery requests three days prior to the expiration of the class certification deadline. Plaintiff had an opportunity to review those responses and determine whether to move for class certification or request an extension, but perhaps because of Plaintiff's

inattention to this matter and perhaps because no legitimate grounds exist to certify a class, no such motion was ever filed.  Plaintiff—not Vivint—is the party responsible for his predicament.

Nothing in Rule 26 or this Court's orders prohibited Plaintiff from seeking to conduct an earlier Rule 26(f) meeting and then to proceed with discovery.  Indeed, it was incumbent upon Plaintiff to take steps to "conduct the necessary discovery at the earliest possible time," *Timothy*, U.S. Dist. LEXIS 89613, at *16.  Instead, Plaintiff chose to wait more than seven weeks to take the first step toward conducting discovery in this matter, and did not ultimately serve any discovery on Vivint until the case had been pending in this district for almost two months. (*See* ECF No. 57-1 at 3.)  Thus, it was Plaintiff's own conduct that resulted in Plaintiff not receiving Vivint's timely discovery responses until three days before the class-certification deadline.  Plaintiff cannot rely on his own lack of diligence to argue it would be "unrealistic" to hold him to the requirements of this Court's rules.  *See Affordify, Inc. v. Medac, Inc.*, Civil Action No. 19-cv-02082-RMR-NRN, 2021 U.S. Dist. LEXIS 155485, at *5 (D. Colo. Aug. 18, 2021) (explaining that a party seeking relief from a deadline must demonstrate that "deadlines cannot be met despite a party's diligent efforts" and that "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").  Accordingly, this Court must reject Plaintiff's argument that the scheduling order should be read to implicitly modify Plaintiff's class-certification deadline simply because Plaintiff assumed he could conduct discovery at his leisure, rather than in accordance with the Court's rules.

### III. PLAINTIFF HAS NOT SHOWN GOOD CAUSE OR EXCUSABLE NEGLECT FOR NOT TIMELY SEEKING CLASS CERTIFICATION.

Last, Plaintiff argues that his failure to timely file for class certification should be excused because his failure to serve co-defendant RS&I, Inc. constitutes good cause for missing

the class-certification deadline. (ECF No. 58 at 2.) Plaintiff asserts that it is not "practicable" to move for class certification because he has not yet obtained discovery from this unserved defendant. (*Id*.)

As an initial matter, Plaintiff has not moved the Court to extend the class-certification deadline, and his good-cause argument is, accordingly, misplaced. "Under Federal Rule of Civil Procedure 6(b), the court may, for good cause, extend a time frame 'on motion made after the time has expired if the party failed to act because of excusable neglect.'" *Holmes v. Crown Asset Mgmt., LLC*, No. 2:19-cv-00758-HCN-DAO, 2020 U.S. Dist. LEXIS 152247, at *10 (D. Utah Aug. 20, 2020) (emphasis added). Nor can Plaintiff's opposition be construed as such a motion, as DUCivR 7-1 prohibits a party from making a motion in a response memorandum. DUCivR 7-1(a)(3). Accordingly, the Court cannot relieve Plaintiff from his failure to comply with the class-certification deadline because he has not moved the Court to extend that deadline.

But even if Plaintiff had properly moved the Court to extend his class-certification deadline, Plaintiff has failed to establish the showing of good cause or excusable neglect that would be required to extend that deadline now. Plaintiff's only asserted basis for good cause is that he failed to timely serve RS&I and, therefore, has not obtained discovery from RS&I. (ECF No. 58 at 2.) As discussed in Vivint's Motion to Strike, Plaintiff cannot establish good cause on this basis both because Plaintiff's counsel has conceded a lack of diligence in attempting to serve RS&I and because Plaintiff's counsel waited almost two months to enter an appearance in the District of Utah—three weeks after the deadline to serve RS&I had expired. (ECF No. 57 at 4-6.) Because Plaintiff's opposition offers nothing of substance on this point aside from a citation to his motion to reinstate his time to serve RS&I, Vivint will not belabor the point further in

reply. For the reasons set forth in the Motion to Strike,[1] the Court should find that Plaintiff's failure to timely serve RS&I does not constitute the type of good cause or excusable neglect that would excuse Plaintiff's failure to comply with the class-certification deadline in this matter.

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion to Strike, the Court should strike Plaintiff's class allegations and order this matter to proceed on Plaintiff's individual claims.

DATED this 31st day of December 2021.

/s/ Melanie J. Vartabedian
Melanie J. Vartabedian, Esq.
Nathan R. Marigoni, Esq.
BALLARD SPAHR LLP
*Attorneys for Defendant, Vivint, Inc.*

---

[1] In its Motion to Strike, Vivint expressly incorporated RS&I's arguments regarding Plaintiff's lack of diligence and good cause with respect to service on RS&I that were set forth in RS&I's Opposition to Plaintiff's Motion for Extension of Time to Serve Summons and Complaint upon Defendant RS&I, Inc. (ECF No. 55.) Vivint expressly reincorporates those arguments here in response to Plaintiff's opposition to the Motion to Strike.