IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK FITZHENRY,<br><br>  Plaintiff,<br><br>vs.<br><br>VIVINT, INC., *et. al*,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-CV-501-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

  This matter is before the court on Defendant Vivint, Inc.'s Motion to Strike Class Allegations. After reviewing the briefing on this matter, the court vacates the hearing set on this motion scheduled for March 3, 2022. The court concludes that oral argument would not significantly aid in the determination of the motion.

  Vivint seeks to strike the class allegations in Plaintiff's Complaint because Plaintiff failed to seek class certification within the ninety days required by this District's prior Local Rules. DUCivR 23-1 (Eff. Dec. 1, 2020). The deadline under the prior rules would have been November 22, 2021. As of December 1, 2021, however, this District's Local Rules did away with the specific ninety-day rule and adopted Federal Rule of Civil Procedure 23's more general standard which states that class certification should occur "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A); DUCivR 23-1.

  Plaintiff states that it was his understanding that the court had otherwise ordered a schedule for class certification. This District's prior Local Rules applied a ninety-day deadline

"unless the court otherwise orders." DUCivR 23-1 (Eff. Dec. 1, 2020). The court entered a scheduling order in this case on October 15, 2021, and set a fact discovery deadline of April 14, 2022. Plaintiff believed that the court was allowing him to conduct discovery before moving for class certification. Plaintiff explains that he has not moved for class certification because he has been unable to serve one of the defendants and that defendant has critical records that will determine the scope of the class Plaintiff seeks to certify. Plaintiff argues that to move for class certification before any discovery can be taken from that defendant would be premature.

The dispute appears to be based on a simple misunderstanding of the prior Local Rules. But even if the court's scheduling order did not create a new deadline for class certification, the court does not believe that any prejudice has occurred to Defendants. Ninety days is not a magic number that automatically creates prejudice to the defendants. In some cases, a party may be able to move for certification within 90 days and in other cases a party may need additional time for discovery. That is one of the reasons for the change to the Local Rules. This case exemplifies why the parties should meet and determine a schedule for class certification based on the circumstances present in their individual case rather than have an arbitrary deadline placed on them by the court. The court agrees with Defendants that Plaintiffs have an obligation to move the case along diligently. But the court notes that Plaintiff has served some discovery and does not appear to be failing to prosecute the case in general. Given the circumstances in this case, the court declines to strike the class allegations for failing to move for class certification within the ninety days previously required by the court. The parties should meet and determine the appropriate timing on obtaining the information Plaintiff needs from RS&I to determine the scope of the class and agree to a schedule for briefing class certification.

Accordingly, the court DENIES Defendant's Motion to Strike Class Allegations [ECF No. 57].

DATED this 28th day of February, 2022.

BY THE COURT:

DALE A. KIMBALL
United States District Judge