IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK FITZHENRY,<br><br>      Plaintiff,<br>v.<br><br>VIVINT, INC., et al.,<br><br>      Defendants. | ORDER GRANTING [53] MOTION FOR EXTENSION OF TIME<br><br>Case No. 2:21-cv-00501-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff's Motion for an Extension of Time to Serve Summons and Complaint to Defendant RS&I, Inc. (RS&I) (ECF 53). As a nondispositive pretrial matter, the Motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(A) on September 13, 2021 (ECF 44). The Court has considered the Motion (ECF 53), RS&I's Memorandum in Opposition (ECF 55), and Plaintiff's Reply (ECF 56). For the reasons discussed below, the court GRANTS the motion for an extension of time.

          I.  BACKGROUND

On March 19, 2021, Plaintiff Mark Fitzhenry (Plaintiff) filed a class action in the United States District Court for the District of South Carolina against Defendants Vivint, Inc. (Vivint) and DSI Distributing, Inc. (DSI) (ECF 1). Plaintiff contests, on behalf of a putative class, Defendant Vivint's use of commercial vendors to place telemarketing calls to class members without consent. On May 13, 2021, Plaintiff dismissed Defendant DSI without prejudice (ECF 11). Plaintiff filed an Amended Complaint on June 24, 2021, which added Defendant RS&I in place of DSI (ECF 18). Plaintiff requested a summons to serve to RS&I on July 21, 2021 (ECF 29).

By the time the summons was requested, Defendant Vivint had already moved to stay or to transfer this action to the District of Utah where a substantially similar action was pending (ECF

23). This action was transferred to the District of Utah on August 20, 2021 (ECF 32). At the time of transfer, the summons for RS&I had not yet been issued. Some procedural motions and orders followed in September 2022 (ECF 33–46). Plaintiff's counsel filed for admission *pro hac vice* on October 14, 2022 (ECF 47, 48). That motion was granted October 15, 2021 (ECF 50, 51).

Measured from the date the Amended Complaint was filed, the deadline for Plaintiff to serve RS&I with a copy of the Summons and Amended Complaint was September 22, 2021. *See* Fed. R. Civ. P. 4(m). Plaintiff did not achieve service by that date and now seeks, through its motion filed on October 20, 2021 (soon after *pro hac vice* admission was granted on October 15, 2021) an extension of time to serve. As good cause, Plaintiff asserts that the transfer of the case to Utah and the corresponding procedural tasks delayed service. RS&I opposes the motion.

Resolution of this motion was deferred while a potentially dispositive motion to strike the class allegations was resolved (ECF 57, 63). On February 28, 2022, Judge Kimball denied the motion to strike the class allegations (ECF 63). In support of that decision, Judge Kimball noted that the case had been delayed because Plaintiff was not yet able to serve one defendant, presumably RS&I. Judge Kimball noted that that Plaintiffs had served some discovery and did not appear to be failing to prosecute this case, which Defendant Vivint had alleged. He also directed the parties to meet and confer to determine the time needed for Plaintiff to obtain information from Defendant RS&I to determine the scope of the class and agree to a briefing schedule for briefing class certification (ECF 63 at 2).

## II.   LEGAL STANDARD

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure, then the plaintiff is entitled to a mandatory extension of time. *Id.* In the Tenth Circuit, "good cause" pursuant to Rule 4(m), and its predecessor Rule 4(j), is read narrowly and protects only those plaintiffs who have been meticulous in their efforts to comply with the service requirements. *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1993). Prejudice to the defendants and whether defendants had actual knowledge of the suit against them are not evaluated in a good cause analysis. *Id.* at 1439.

In 1995, amendments were made to allow for permissive extensions of time in the absence of good cause. The rule was recodified in those amendments to Rule 4(m) but prior law regarding Rule 4(j) and the definition of good cause continues to apply. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)). If a plaintiff does not show good cause warranting a mandatory extension of time, the court may allow a permissive extension of time. Factors to consider when evaluating a permissive extension of time include whether the statute of limitations would bar the refiled action, attempts to achieve service, complexities in service if the defendant is a federal agency, whether the plaintiff is pro se, and prejudice to the defendants. *Sullivan v. Univ. of Kans. Hosp. Auth.*, 844 Fed. App'x 43, 52 (10th Cir. 2021); *Shepard v. U.S. Dep't of Veterans Affs.*, 819 Fed. App'x 622, 624 (10th Cir. 2020); *Espinoza*, 52 F.3d at 842. A decision to dismiss for untimely service is reviewed for an abuse of discretion. *Sullivan*, 844 Fed. App'x at 52.

### III. DISCUSSION

The parties dispute whether good cause has been shown. Plaintiff asserts that the procedural nuances associated with the transfer of the case and subsequent delays in *pro hac vice* admission through local counsel amount to good cause (ECF 53). Defendant RS&I asserts that Plaintiff's counsel was dilatory since it did not seek *pro hac vice* admission until October 14, 2022,

3

and therefore no good cause warrants an extension of time to serve.  RS&I also asserts that a permissive extension of time to serve would be inappropriate (ECF 55).  In his reply, Plaintiff explains that he promptly sought local counsel when this matter was transferred to the District of Utah.  Plaintiff's counsel provided a declaration to establish that counsel promptly provided the require *pro hac vice* papers to local counsel and then followed up with local counsel five time between September 2 and October 14 (ECF 56-1).  Only on October 12 did local counsel realize the papers had not been filed with the court.  Once admission was granted, the motion for an extension of time was promptly filed (ECF 56-1).

The court finds good cause has been established under the circumstances of this case.  As noted above, the Tenth Circuit requires meticulous attempts to comply with the rules in order to find good cause.  *Despain*, 13 F.3d at 1438.  Ignorance of the rules, not making any efforts to service, disregarding court orders to make service, and failing to timely seek and extension can each defeat a finding of good cause.  *Sullivan*, 844 Fed. App'x 52–53; *Shepard*, 819 Fed. App'x at 623–24.  None of those scenarios are present in this case.  Plaintiff's counsel did make attempts to comply with the rules, including attempts to obtain *pro hac vice* admission.  For almost two months, Plaintiff had no counsel in the District of Utah to achieve service or otherwise move this case forward.  During those two months, Plaintiff's out-of-state counsel made regular efforts to obtain admission and move this case forward.  Once the *pro hac vice* papers were filed and admission was granted, counsel promptly moved for an extension of time.  The court understands RS&I's position that local counsel did not file the Plaintiff's *pro hac vice* papers as quickly as defense counsel did.  However, the court is unable to agree with Defendant RS&I that Plaintiff has been dilatory.  In Judge Kimball's order on a dispositive motion, the court found that Plaintiff's counsel had not been dilatory (ECF 63 at 2).

Even if a party or a reviewing court were to disagree that good cause exists in this case, a permissive extension of time would be appropriate. While the Plaintiff is not pro se and the statute of limitations would not bar refiling of this action, the procedural shifts and two-month lack of counsel in this case prior to the issuance of the summons did serve to complicate service of process in part. Of greater significance to this court is the lack of prejudice to Defendant RS&I by the lack of service. It appears to be undisputed that RS&I was aware of this case in August 2021. Service of process "serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). The court is not able to find or infer prejudice to RS&I. By contrast, dismissing RS&I without prejudice pursuant to Rule 4(m) risks further delay in this case. The dismissal would be without prejudice, as required by Rule(m), and then the action would need to be refiled against DS&I. Further delay appears to be material in this case after Judge Kimball's February 2022 noting that discovery from DS&I is needed to move this case towards class certification.

### IV.    CONCLUSION AND ORDER

For the foregoing reasons, the court hereby GRANTS Plaintiff's Motion (ECF 53). Service shall be accomplished within thirty days from the date of this Order.

IT IS SO ORDERED.

DATED this 25 April 2022.

*[signature]*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah