Melanie J. Vartabedian (#10148)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
vartabedianm@ballardspahr.com

William P. Reiley (NJ # 128872014)
*(admitted pro hac vice)*
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
Telephone: (856) 761-3465
Facsimile: (856) 761-1020
reileyw@ballardspahr.com

*Attorneys for Defendants,*
*Vivint, Inc. and RS&I, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MARK FITZHENRY, individually and on behalf of a class of all persons and entities similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VIVINT, INC., RS&I, Inc., and JOHN DOE CORPORATION**<br><br>**Defendants.** | **RS&I, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><br>**Case No.:  2:21-cv-00501-JCB**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Cecilia M. Romero** |

Defendant RS&I, Inc. ("RS&I") hereby responds to the First Amended Complaint of

plaintiff Mark Fitzhenry ("Plaintiff") and answers as follows:

## <u>ANSWER TO FIRST AMENDED COMPLAINT</u>
**Preliminary Statement**

1. RS&I admits that Plaintiff's First Amended Class Action Complaint (the "Complaint") contains claims under the Telephone Consumer Protection Act ("TCPA") and South Carolina Telephone Privacy Protection Act ("SCTPPA") but denies that those claims have merit or that Plaintiff is entitled to the relief sought.  RS&I otherwise denies the allegations of Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

3. RS&I admits that Plaintiff purports to bring this action on behalf of a nationwide class but denies that Plaintiff is an appropriate representative of such a class or that such a class is entitled to the relief sought.  The remaining allegations of Paragraph 2 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, the remaining allegations are denied.

4. Denied.  RS&I specifically denies that Defendants engaged in "wide-scale illegal telemarketing" and further denies that a class action is the "best means of obtaining redress." The remaining allegations of Paragraph 4 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, the remaining allegations are denied.

**Parties**

5. RS&I lacks sufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint and denies the allegations on that bases (hereinafter "Denied for lack of information.").  Upon information and belief, Plaintiff Mark Fitzhenry resides outside this district.

6.    Upon information and belief, admitted.

7.    Admitted in part and denied in part.  RS&I admits only that it is an Idaho

corporation with its principal place of business in Idaho.  The remaining allegations of Paragraph

7 of the Complaint sets forth legal conclusions to which no response is required.  To the extent

any response is required, the remaining allegations are denied.

8.    Denied for lack of information.

## Jurisdiction and Venue

9.    Paragraph 9 of the Complaint sets forth legal conclusions to which no response is

required.  To the extent any response is required, denied.

10.    Paragraph 10 of the Complaint sets forth legal conclusions to which no response

is required.  To the extent any response is required, denied.

## Statutory Background

11.    The document referenced in Paragraph 11 of the Complaint speaks for itself and

RS&I denies Plaintiff's characterization of the plain language of the document.

12.    The document referenced in Paragraph 12 of the Complaint speaks for itself and

RS&I denies Plaintiff's characterization of the plain language of the document.

13.    The document referenced in Paragraph 13 of the Complaint speaks for itself and

RS&I denies Plaintiff's characterization of the plain language of the document.

14.    The document referenced in Paragraph 14 of the Complaint speaks for itself and

RS&I denies Plaintiff's characterization of the plain language of the document.

15.    The document referenced in Paragraph 15 of the Complaint speaks for itself and

RS&I denies Plaintiff's characterization of the plain language of the document.

16.    The document referenced in Paragraph 16 of the Complaint speaks for itself and

RS&I denies Plaintiff's characterization of the plain language of the document.

17.     The document referenced in Paragraph 17 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

18.     The document referenced in Paragraph 18 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

19.     The document referenced in Paragraph 19 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

20.     The document referenced in Paragraph 20 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

21.     The document referenced in Paragraph 21 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

22.     The document referenced in Paragraph 22 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

23.     The document referenced in Paragraph 23 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

24.     The document referenced in Paragraph 24 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

## Factual Allegations

25.     Paragraph 25 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

26.     Denied for lack of information.

27.     Denied for lack of information.

28.     Denied on the ground that neither RS&I nor its vendors use or own an automated telephone dialing system as that term is defined in the TCPA ("ATDS").  RS&I otherwise denies the allegations of Paragraph 28 of the Complaint.

29.     Denied for lack of information.

30.     Denied for lack of information.

31.     Paragraph 31 of the Complaint sets forth legal conclusions to which no response

is required.  To the extent any response is required, denied.

32.     Denied for lack of information.

33.     Denied for lack of information.

34.     Denied for lack of information.

35.     Denied for lack of information.

36.     Denied for lack of information.

37.     Denied for lack of information.

38.     Denied for lack of information.

39.     Denied for lack of information.

40.     Denied for lack of information.

41.     Paragraph 41 of the Complaint sets forth legal conclusions to which no response

is required.  To the extent any response is required, denied.

42.     Paragraph 42 of the Complaint sets forth legal conclusions to which no response

is required.  To the extent any response is required, denied.

### Vivint's [Alleged] Liability for RS&I's and John Doe's Conduct

43.     The document referenced in Paragraph 43 of the Complaint speaks for itself and

RS&I denies Plaintiff's characterization of the plain language of the document.

44.     The document referenced in Paragraph 44 of the Complaint speaks for itself and

RS&I denies Plaintiff's characterization of the plain language of the document.

45.     The document referenced in Paragraph 45 of the Complaint speaks for itself and

RS&I denies Plaintiff's characterization of the plain language of the document.

46.     The document referenced in Paragraph 46 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

47.     The document referenced in Paragraph 47 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

48.     The document referenced in Paragraph 48 of the Complaint speaks for itself and RS&I denies Plaintiff's characterization of the plain language of the document.

49.     Denied on the ground that the phrase "Authorized Dealer" is vague as it is subject to multiple interpretations.  To the extent any response is required, denied.

50.     Paragraph 50 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

51.     Paragraph 51 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

52.     Paragraph 52 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

53.     Paragraph 53 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

54.     RS&I denies the allegations in paragraph 54 for lack of information sufficient to form a belief about any "John Doe" corporation and denies any remaining allegations.

55.     Paragraph 55 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

56.     Paragraph 56 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

57.     Paragraph 57 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

58.     Paragraph 58 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

59.     Paragraph 59 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

60.     Paragraph 60 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

61.     Paragraph 61 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

62.     Paragraph 62 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

63.     Paragraph 63 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

64.     Paragraph 64 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

65.     Paragraph 65 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

66.     The document referenced in Paragraph 66 of the Complaint speaks for itself and RS&I denies Plaintiffs characterization of the plain language of the document.

### Class Action Allegations

67.     RS&I admits that Plaintiff purports to bring this action on behalf of a nationwide class but denies that Plaintiff is an appropriate representative of such a class or that such a class

is entitled to the relief sought.  RS&I otherwise denies the allegations of Paragraph 67 of the Complaint.

68.     RS&I admits that Plaintiff proposes the classes identified in Paragraph 68 of the Complaint but denies that the classes are properly subject to certification under Rule 23 or entitled to any relief.

69.     RS&I admits that Plaintiff claims he is a member of both putative class but denies that the classes are properly subject to certification under Rule 23 or that Plaintiff is entitled to any relief.

70.     RS&I admits that Plaintiff seeks to exclude certain persons from the classes but denies that the classes are properly subject to certification under Rule 23 or entitled to any relief.

71.     Denied.

72.     Denied.

73.     Paragraph 73 of the Complaint, including each subpart, sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

74.     Paragraph 74 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

75.     Paragraph 75 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

76.     Paragraph 76 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

77.     Paragraph 77 of the Complaint sets forth legal conclusions to which no response is required.  To the extent any response is required, denied.

78.     Paragraph 78 of the Complaint sets forth legal conclusions to which no response

is required.  To the extent any response is required, denied.

79.     Denied.

### Legal Claims

### Count One:
### Violation of the TCPA's provisions prohibiting autodialer calls to cell phones

80.     Paragraph 80 of the Complaint sets forth legal conclusions to which no response

is required.  To the extent any response is required, denied.

81.     Paragraph 81 of the Complaint sets forth legal conclusions to which no response

is required.  To the extent any response is required, denied.

82.     RS&I admits that the TCPA permits injunctive relief but denies Plaintiff and the

putative class are entitled to the relief sought.

### Count Two:
### Violation of the SCTPPA

83.     Paragraph 83 of the Complaint sets forth legal conclusions to which no response

is required.  To the extent any response is required, denied.

84.     The document referenced in Paragraph 84 of the Complaint speaks for itself and

RS&I denies Plaintiffs characterization of the plain language of the document.

### AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.     RS&I denies all allegations and other statements in the Complaint not expressly

admitted herein, including Plaintiff's prayer for relief.

3.     Plaintiff's claims are barred as to each call alleged in the complaint which he

consented to receive.

4.  RS&I is a business-to-business company and does not engage in direct consumer sales.  Therefore, it does not contact consumers, does not engage in "telephone solicitation" as that term is defined in 47 U.S.C. § 227(a)(4), and does not own, lease, or utilize any "automatic telephone dialing system" or make automated telephone calls to contact consumers as defined in 47 U.S.C. § 227(a)(1).

5.  RS&I does not have the capacity or ability to violate the TCPA and denies violating the TCPA.  Even if RS&I somehow violated the TCPA, such violation was not willful and knowing.

6.  Any contact with any Plaintiff was at that Plaintiff's invitation and not through any illegal telemarketing means by RS&I.

7.  RS&I is not liable to the extent that any or all of the calls for which Plaintiffs seek recovery were not made by or on behalf of RS&I.

8.  Any telephone calls that Plaintiffs may have received in violation of the TCPA were made by third parties over whom RS&I has no direction or control, and all such parties must be placed on the jury special verdict for an apportionment of fault.

9.  Plaintiff lacks standing to bring claims under the TCPA because he has not paid money, lost title to goods or value, or suffered any other concrete or particularized harm, and is not in the zone of interests of the TCPA as a result of the conduct alleged.

10.  Plaintiff sustained no injury as a result of the alleged calls.

11.  Plaintiff's claims are barred by the doctrine of unclean hands, as he solicits and encourages the receipt of allegedly "unwanted" calls to fuel his TCPA-litigation enterprise.

12.  Plaintiff's claims are barred, in whole or in part, because the facts alleged do not establish the use of an "automatic telephone dialing system" because Plaintiff does not allege—

and cannot establish—the use of a random or sequential number generator.  *See Facebook Inc. v. Duguid*, 141 S. Ct. 1163 (2021).

13.     Plaintiff's claims are barred, in whole or in part, because 47 U.S.C. § 227(b)(1)(A)(iii) was unconstitutional at all times relevant to the allegations of the complaint and this Court lacks subject matter jurisdiction to adjudicate claimed violations of an unconstitutional statute.  *Creasy v. Charter Communications, Inc.*, 2020 U.S. Dist. LEXIS 177798, 2020 WL 5761117 (E.D. La. Sept. 28, 2020).

14.     The SCTPPA is unconstitutional because it establishes content-based restrictions on speech that fail to withstand strict scrutiny under the First Amendment.  *See Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020).

15.     Plaintiff's claimed damages, if any, were caused by third parties not under the control or direction of RS&I.

16.     Plaintiff's claimed damages, in any, were caused by his own acts or conduct, including the solicitation or encouragement of the allegedly harmful calls.

17.     Plaintiff's claimed damages, if any, are barred or must be reduced due to Plaintiff's failure to mitigation his damages.

18.     If any violation of law occurred, which RS&I expressly denies, such violation was not intentional, reckless, or willful.

19.     If any violation of law occurred, which RS&I expressly denies, such violation resulted from a bona fide error notwithstanding RS&I's reasonable procedures to prevent such violations of law.

20.     The imposition of thousands of dollars in statutory damages without a showing of actual damages would constitute an excessive fine or penalty without the substantive or

11

procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

21.     RS&I reserves the right to allege all additional affirmative defenses that may become apparent through further discovery in this matter.

**WHEREFORE,** RS&I respectfully requests that:

1.     The Complaint be dismissed with prejudice and that Plaintiff take nothing thereby, and that judgment be entered in favor of RS&I and against Plaintiff on the Complaint;

2.     The Court decline to certify any class or classes;

3.     The Court decline to award Plaintiff or any unnamed class member any damages, costs, interests, or attorney fees;

4.     The Court award RS&I its attorney fees and costs incurred in defending the Complaint; and

5.     The Court grant such other relief as is just and proper.

DATED this 17th day of May, 2022.


                                        /s/ Melanie J. Vartabedian
                                        Melanie J. Vartabedian, Esq.
                                        William P. Reiley, Esq. (*admitted pro hac vice*)
                                        BALLARD SPAHR LLP

                                        *Attorneys for Defendants,*
                                        *Vivint, Inc. and RS&I, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the foregoing **RS&I, INC.'S ANSWER**

**TO FIRST AMENDED CLASS ACTION COMPLAINT** was served to the following this

17th day of May, 2022, in the manner set forth below:

[X] Through the CM/ECF System for the U.S. District Court

[  ] Hand Delivery

[X] U.S. Mail, postage prepaid

[X] E-mail:    jared@pearsonlawfirm.org; misny@mmmb.com; murphy@mmmb.com

Jared B. Pearson
PEARSON LAW FIRM
9192 S 300 W STE 35
SANDY, UT 84070
Email: jared@pearsonlawfirm.org

Jonathan P. Misny
MURRAY MURPHY MOUL & BASIL LLP
1114 DUBLIN ROAD
COLUMBUS, OH 43215
Email: misny@mmmb.com

Brian K. Murphy
MURRY MURPHY MOUL & BASIL LLP
1114 DUBLIN RD
COLUMBUS, OH 43215
Email: murphy@mmmb.com


/s/ Melanie J. Vartabedian

13